UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCHIED,

       Plaintiff,                                 CASE NO. 08-CV-10005

-vs-                                              PAUL D. BORMAN
                                                 UNITED STATES DISTRICT JUDGE

THOMAS A. DAVIS, Jr., in his
Official Capacity as the Director of
Texas Department of Public Safety,
et al.,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO EXPAND/ENLARGE THE RECORD ON APPEAL

Before the Court is Plaintiff David Schied's ("Plaintiff") July 21, 2008 Motion to Expand/Enlarge the Record on Appeal. (Doc. No. 48). Defendants Sandra Harris and Fred J. Williams filed a Response on July 29, 2008. Having considered the entire record, and for the reasons that follow, the Court DENIES Plaintiff's motion.

On July 1, 2008, this Court entered an Amended Opinion and Order granting Defendants' motions for summary judgment. *See Schied v. Davis*, No. 08-10005, 2008 WL 2610229 (E.D. Mich. July 1, 2008) (unpublished). Although Plaintiff proceeded with counsel at the summary judgment stage of the case, Plaintiff is proceeding *pro se* on appeal to the United States Court of Appeals for the Sixth Circuit.

On July 21, 2008, Plaintiff filed a 36-page brief in support of his motion to enlarge/expand the record on appeal, in violation of the page limitations for briefs under E.D. Mich. L. R. 7.1(c)(3). In his motion based on Fed. R. App. P. 10, Plaintiff seeks to add the state

1

court records for three previous proceedings that he initiated based upon the same facts as the underlying proceeding. During the summary judgment phase of the instant case, the parties submitted portions of the state court record. Defendants resist Plaintiff's motion, arguing that Rule 10(e) does not permit a party to add materials to the appellate record that were not before the district court.

Rule 10 provides in relevant part:

(a) The following items constitute the record on appeal:

    (1) the original papers and exhibits filed in the district court;
    (2) the transcript of proceedings, if any; and
    (3) a certified copy of the docket entries prepared by the district clerk.

(e)

    (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
    (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

        (A) on stipulation of the parties;
        (B) by the district court before or after the record has been forwarded; or
        (C) by the court of appeals.

    (3) All other questions as to the form and content of the record must be presented to the court of appeals.

"The purpose of . . . . [Appellate Rule 10(e)(2) ] is to allow the [ ] court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." *United States v. Smith*, 344 F.3d 479, 486 (6th Cir. 2003) (quoting *S & E*

*Shipping Corp. v. Chesapeake & O. Ry. Co.,* 678 F.2d 636, 641 (6th Cir. 1982)). The Sixth Circuit has further noted that a district court:

> does have limited discretion to modify or change the record on appeal. Specifically, [Rule] 10(e) allows such modifications in two instances: (1) when the parties dispute whether the record actually discloses what occurred in the District Court and (2) when a material matter is omitted by error or accident. We have not allowed the rule to be used to add new evidence that substantially alters the record after notice of appeal has been filed; rather we have allowed enough modification to ensure the accuracy of the record. The term "error or accident" in Rule 10(e) "should be broadly interpreted to permit the record to be supplemented by any matter which is properly a part thereof. Omissions from the record may result from the error or inadvertence of the parties, the court reporter, the district court clerk or the judge."

*United States v. Barrow*, 118 F.3d 482, 487-88 (6th Cir. 1997) (internal citations and footnote omitted).

Plaintiff has neither shown that the parties are in dispute over what the record actually shows, nor has pointed to a material matter that was "omitted by error or accident." The parties in the instant case had an adequate opportunity to present their arguments and supporting evidence before the Court ruled on the dispositive motions. The Court found that the record before it provided an adequate basis to grant summary judgment to Defendants. In the absence of the required showings to support a Rule 10 motion to expand the record, the Court **DENIES** Plaintiff's motion.

**SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 6, 2008.

                                                  s/Denise Goodine
                                                  Case Manager