UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCHIED,

        Plaintiff,                        CASE NO. 08-CV-10005

-vs-                                      PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE

THOMAS A. DAVIS, Jr., et al.,

        Defendants.
_____/

## OPINION AND ORDER
## (1) DENYING DEFENDANT'S MOTION FOR BOND FOR COSTS ON APPEAL; AND (2) DENYING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST CO-DEFENDANTS AND THEIR ATTORNEYS

Before the Court are: (1) Defendant Leonard Rezmierski's ("Defendant") July 30, 2008 Motion for Bond for Costs on Appeal (Doc. No. 53); and (2) Plaintiff David Schied's ("Plaintiff") August 13, 2008 Motion for Sanctions (Doc. No. 60). Plaintiff David Schied ("Plaintiff") filed a Response to Defendant's motion on August 13, 2008. Having considered the entire record, and for the reasons that follow, the Court DENIES Defendant's motion, and DENIES Plaintiff's motion..

On July 1, 2008, this Court entered an Amended Opinion and Order granting Defendants' motions for summary judgment. *See Schied v. Davis*, 08-10005, 2008 WL 2610229 (E.D. Mich. July 1, 2008) (unpublished) (Doc. No. 46). Before this Court entered its Amended Order, Plaintiff appealed the Court's original Order to the United States Court of Appeals for the Sixth Circuit on June 27, 2008. On August 5, 2008, the Sixth Circuit rejected the portion of Plaintiff's appeal requesting a writ of mandamus. *See Schied v. Davis*, No. 08-1895 (6th Cir. Aug. 5, 2008).

1

On August 6, 2008, this Court denied Plaintiff's motion to expand/enlarge the record on appeal. *See Schied v. Davis*, No. 08-10005, 2008 WL 3200011 (E.D. Mich. Aug. 6, 2008) (unpublished) (Doc. No. 56). Finally, on August 13, 2008, the Court denied Defendants' motions for sanctions. (Doc. No. 59).

Defendant contends that Plaintiff should be required to post a bond for appeal because: (1) Plaintiff's appeal is frivolous; (2) Plaintiff has demonstrated bad faith; and (3) there have been no assurances that Plaintiff will pay Defendants' costs when he loses his appeal. Defendant submits that Plaintiff should be required to post a $25,000 bond, comprising a potential 100 hours of appellate work at $250.00 per hour. Defendant urges that the Court should apply the four-factor test outlined by the Eleventh Circuit in *Young v. New Process Steel, LP*, 419 F.3d 1201 (11th Cir. 2005): (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay appellee's costs if the appeal loses; (3) the merits of the appeal; and (4) whether the appellant has shown any bad faith or vexatious conduct. *Id*. at 1208. The Sixth Circuit has not yet endorsed or rejected this analysis.

Federal Rule of Appellate Procedure 7 states in relevant part that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Federal Rule of Appellate Procedure 39(e) specifies that the district court may tax the following costs: "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Lastly, 28 U.S.C. § 1920 provides that any judge or court clerk may tax as costs the following:

2

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of [Title 28];
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In *In re Cardizem CD Antitrust Litigation*, 391 F.3d 812 (6th Cir. 2004), the Sixth Circuit held that in deciding whether to include attorney's fees as part of an appeal bond, a court must look to the underlying statute to determine whether attorney's fees are defined as "costs." *Id*. at 817.

The instant case involves civil rights claims under 42 U.S.C. § 1983. Section 1988(b) of the same title provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

The Sixth Circuit has recognized that § 1988(b) is a "fee-shifting" statute. *Cleveland v. Ibrahim*, 121 F. App'x 88, 90 (6th Cir. Jan. 26, 2005) (unpublished). However, in the context of civil rights fee-shifting statutes, the Supreme Court has held that a district court should not normally award attorney's fees to successful federal civil rights defendants unless "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001). Therefore, in an action under 42 U.S.C. § 1983,

3

a successful party can request that a district court roll attorney's fees into an appeal bond if the plaintiff's action is found to be "frivolous, unreasonable, or without foundation."

Upon consideration of Defendant's motion, the Court denies his request to order Plaintiff to post an appeal bond for $25,000 to cover anticipated appellate attorney's fees. *See Young*, 419 F.3d at 1208 ("Because Rule 7 states the authority it gives in terms of "may," the district court may decide not to require an appeal bond or to require one that does not include the amount of the defendant's anticipated attorney's fees on appeal"). Under Rule 39(a), the Sixth Circuit has the authority to tax costs against the non-prevailing party. There is no indication from the record that Plaintiff would be unable to afford these potential costs at the time of the disposition of the appeal.

Finally, the Court concludes that there is no basis of support for Plaintiff's motion for sanctions against co-Defendants and their attorneys.

For the foregoing reasons, the Court hereby:

(1)     **DENIES** Defendant's motion for bond for costs on appeal; and

(2)     **DENIES** Plaintiff's motion for sanctions.

**SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  August 18, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on

4

August 18, 2008.

                                                                         s/Denise Goodine
                                                                         Case Manager